UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

WILLIE LIGGINS,

        Petitioner,

        v.                                      Case No. 10-C-0770

UNITED STATES OF AMERICA,

        Respondent.

---

DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 (DOC. 1)
AND DISMISSING CASE

This court has considered Willie Liggins's 28 U.S.C. § 2255 motion to vacate his sentence claiming ineffective assistance of counsel. For the reasons set forth below, the motion will be denied and the case will be dismissed.

To establish ineffective assistance of counsel, Liggins must show that his counsel's representation was deficient, i.e., that it fell below an objective standard of reasonableness, and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The performance standard permits a wide latitude of attorney conduct, and a prisoner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation omitted); *see also Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000). Judicial scrutiny is "highly deferential" and the court strongly presumes that counsel's conduct was reasonable. *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated from his or her perspective at the time; hindsight should not distort the evaluation. *Id.*

Once the prisoner establishes his counsel's ineffectiveness, he must demonstrate prejudice. "The defendant must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. If the court determines that Liggins fails to satisfy either component of the *Strickland* test, it need not address the other. *Chichakly v. United States*, 926 F.2d 624, 630 (7th Cir. 1991).

First, Liggins asserts that his counsel was ineffective because he "allowed the government to hold him liable for the death of a victim when he could not have foreseen that the sale of heroin would result in the victim's death." (Doc. 1 at 10.) Liggins pled guilty to the distribution of heroin resulting in death. 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). Section (b)(1)(c) provides that, ". . . if death or serious bodily injury results from the use of such substance [the defendant] shall be sentenced to a term of imprisonment of not less than twenty years or more than life . . . ." Notably, foreseeability is not required. Moreover, courts have concluded that foreseeability is not required under § 841. *See United States v. Hatfield*, 591 F.3d 945, 948 (7th Cir. 2010) ("The parties agree that the statutory term 'results from' required the government to prove that ingestion of the defendants' drugs was a 'but for' cause of the deaths and the bodily injury. The death or injury need not have been foreseeable."); *see also United States v. Robinson*, 167 F.3d 824, 830 (3rd Cir. 1999); *United States v. Patterson*, 38 F.3d 139 (4th Cir. 1994).

Any failure of defense counsel to argue that Liggins could not foresee the victim's death did not render his assistance below an objective standard of reasonableness because foreseeability was not an element of the crime charged. Thus, arguments

2

regarding Liggins's foreseeability - or lack thereof - would not have been relevant. Consequently, Liggins fails to satisfy the first element of the *Strickland* test and the court need not address prejudice regarding this claim.

Second, Liggins alleges that his counsel failed to effectively pursue a role reduction pursuant to USGG § 3B1.2. Under U.S. Sentencing Guidelines Manual § 3B1.2, a defendant's offense level can be decreased if he was a minor or minimal participant in the criminal activity. Liggins has the burden of showing he is entitled to the adjustment by a preponderance of the evidence. *United States v. Panaigua-Verdugo*, 537 F.3d 722, 724 (7th Cir. 2008).

Maintaining that his role was minor or minimal, Liggins states that he distributed heroin only to feed his heroin addiction rather than for financial gain, and that he had no direct involvement in selling, packaging, storing or otherwise facilitating the distribution of heroin. Pursuant to *Panaigua-Verdugo*, 537 F.3d at 725, Liggins's failure to reap substantial pecuniary gains does not automatically render his level of participation minor. Additionally, Liggins offers no authority providing that one's role is minor or minimal if he or she did not participate in the selling, packaging, storing or distribution of heroin.

Liggins further asserts that his "counsel did not adequately argue that the court erred by finding that defendants use of [a] telephone to negotiate [the] price and quantity of heroin does not qualify him [as a] minor or minimal participant. Liggins claims that the FBI intercepted drug related phone calls between himself and his unnamed "dealer." He infers that such calls were used to disqualify him as a minor or minimal participant. In opposition to the present motion to vacate, the government asserts that the underlying investigation did not involve the FBI and that the government is not aware of any

3

intercepted calls between Liggins and his alleged dealer. Liggins provides no citation to the record regarding these facts and he fails to offer any authority supporting his claim that the length of his phone calls are relevant to a finding that his involvement was minor or minimal.

Moreover, the plea agreement provides that Liggins would not seek a mitigating role reduction. (Liggins's Plea Agreement ¶ 18.) Accordingly, the court finds that the evidence presented does not overcome the presumption that the actions or omissions of Liggins's counsel were sound strategy consistent with the plea agreement that Liggins reviewed and signed on February 27, 2008, and discussed in open court on April 28, 2008. Now, therefore,

IT IS ORDERED that Liggins's 2225 motion is denied and this case is dismissed.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE